UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

JODY G. VAN LAANEN
2656 Soman Court
Green Bay, WI 54311,

       Plaintiff,                           Case No. 16-C-_____

  v.

CORNERSTONE MORTGAGE, LLC
c/o Steven J. Woulf, Registered Agent
1494 Mid Valley Drive
De Pere, WI 54115,

ABC INSURANCE COMPANY,

    -and-

JOHN DOE

       Defendants.

---

## COMPLAINT

---

NOW COMES the Plaintiff, Jody G. Van Laanen, by and through his undersigned attorneys, the Law Firm of Conway, Olejniczak & Jerry, S.C., and as and for his Complaint against Defendants, Cornerstone Mortgage, LLC, ABC Insurance Company and John Doe, alleges and shows to the Court as follows:

### THE PARTIES

1. Plaintiff, Jody G. Van Laanen, is an adult resident of the State of Wisconsin, residing at 2656 Soman Court, Green Bay, Wisconsin 54311.

2. Upon information and belief, Defendant, Cornerstone Mortgage, LLC ("Cornerstone"), is a limited liability company organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 1494 Mid Valley Drive, De Pere, Wisconsin 54115.

3. Upon information and belief, Defendant, ABC Insurance Company ("ABC Insurance"), is an insurance corporation duly authorized and licensed to do business in the State of Wisconsin. Upon information and belief, said Defendant is engaged in the business of writing and selling liability insurance and issued a policy of insurance to Cornerstone that was in full force and effect at all times material hereto and provides coverage for Cornerstone's liability at issue in this case.

4. Upon information and belief, Defendant, John Doe ("Defendant Doe"), whose true name is not yet known, is a natural person who carried out a scheme to defraud Plaintiff by impersonating a mortgage broker at Cornerstone and convincing Plaintiff to wire over $50,000.00 to a bogus account established at Chase Bank in Los Angeles, California, and then promptly withdrew and stole Plaintiff's money from that account.

## JURISDICTION AND VENUE

5. Upon information and belief, this Court has subject-matter jurisdiction pursuant to 18 U.S.C. §1964 because the claims arise under federal wire fraud and RICO statutes.

6. This Court has personal jurisdiction over Plaintiff and Cornerstone, because both reside in and/or conduct substantial business in this judicial district.

7. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions that give rise to the claim occurred in this judicial district, and Plaintiff suffered his injuries in this judicial district.

## GENERAL ALLEGATIONS

8. In April 2016, Plaintiff entered into a real estate contract with the assistance of Cornerstone to purchase a cottage located at 17424 Meadow Parkway, Townsend, Wisconsin 54175. Specifically, Plaintiff was working with Paul Adams, a mortgage broker and Partner/Owner with Cornerstone.

9. Communications between Plaintiff and Paul Adams at Cornerstone regarding the purchase of said cottage were conducted primarily via email.

10. Closing for the cottage was scheduled for May 23, 2016.

11. On May 16, 2016, Plaintiff received an email correspondence from Paul Adams at Cornerstone forwarding a Closing Disclosure and Homeowners Insurance information regarding purchase of the cottage. A true and correct copy of said email and its attachments are attached hereto as Exhibit A.

12. On May 20, 2016, at 10:11 a.m., Plaintiff received an email correspondence from someone, John Doe named above, impersonating Paul Adams at Cornerstone, advising that closing funds for purchase of the cottage were to be wired by 2:00 p.m. that same day. The following email exchanges ensued:

   a. May 20, 2016, at 10:17 a.m. – Plaintiff responded to John Doe, impersonating "Paul Adams," email requesting wire transfer instructions.

   b. May 20, 2016, at 10:26 a.m. – John Doe, impersonating "Paul Adams," emailed Plaintiff with wire instructions and advised that he was going to be in a workshop most of the day and unavailable.

   c. May 20, 2016, at 12:23 p.m. – John Doe, impersonating "Paul Adams," emailed Plaintiff requesting that notification as soon as the wire transfer had been completed so that "Paul Adams" could notify the closing agent.

   d. May 20, 2016, at 12:33 p.m. – Plaintiff emailed John Doe, impersonating "Paul Adams," requesting the total closing amount to be wired.

e. May 20, 2016, at 12:35 p.m. – John Doe, impersonating "Paul Adams," emailed Plaintiff advising the total closing amount was $50,299.28.

f. May 20, 2016, at 12:38 p.m. – Plaintiff emailed John Doe, impersonating "Paul Adams," inquiring whether there was a discrepancy with the closing amount.

g. May 20, 2016, at 12:40 p.m. – John Doe, impersonating "Paul Adams," emailed Plaintiff requesting a wire of $50,307.00 for closing.

h. May 20, 2016, at 1:43 p.m. – Plaintiff emailed John Doe, impersonating "Paul Adams," advising that the closing funds had been wired.

i. May 20, 2016, at 1:51 p.m. – "Paul Adams" emailed Plaintiff advising that he will notify closing agent that funds have been wired, and further, he would notify Plaintiff once the funds were received.

j. May 20, 2016, at 1:58 p.m. – Plaintiff emailed "Paul Adams" advising that money had been wired over one hour ago.

k. May 20, 2016, at 2:04 p.m. – "Paul Adams" emailed Plaintiff advising that closing funds had been received.

A complete copy of the email exchanged which occurred on May 20, 2016, are attached hereto as Exhibit B.

13. Defendant, Cornerstone, operates under the domain name of csm-wi.com.

14. In his effort and scheme to defraud, Defendant, John Doe, created and operated the domain name of cssm-wi.com. Further, Defendant, John Doe, created an email address using Paul Adams' information, signature block and confidentiality notice.

15. As the above described emails suggest, Plaintiff wired John Doe, impersonating "Paul Adams," the closing funds, apparently to an account fraudulently established at Chase Bank in Los Angeles California.

16. Upon learning of the wire, John Doe then immediately went to Chase Bank and cashed out and withdrew the funds.

17. As scheduled, Plaintiff arrived at Cornerstone on May 23, 2016, to meet with Paul Adams for the closing of the cottage. Paul Adams asked Plaintiff for the closing funds, to which Plaintiff was surprised and advised that he had wired same three days earlier at Mr. Adams' request. Mr. Adams advised that he had not made any such request and since Plaintiff did not have the ability to make another down payment the closing was terminated.

18. Immediately following the termination of closing, Plaintiff went to his bank, Wells Fargo, and requested that the wire transfer be cancelled.

19. Wells Fargo was able to trace the wire transfer to a Chase Bank account located at 314 West 71st Street, Los Angeles, California 90003, in the name of Pelebe Homes LlC Business, Account Number 780621756. Said account had been opened by Defendant, John Doe, and was closed shortly after the wire transfer funds were received and withdrawn.

20. Defendant, Cornerstone's computer system was reviewed within two weeks of the wire fraud incident to search for any indication of a breach of security on its server.

21. At the time of review, Cornerstone's server activity log showed over 22,000 warnings and errors in the preceding period. Cornerstone's IT consultant did not have an explanation for all of the warnings and errors, nor could he explain what they meant.

22. Further, at the time of the review, Defendant, Cornerstone's logged in audit tracker showed the deletion a few days earlier of its logged history, which tracker is designed to keep a record of each time when a user has logged onto the server (including remote access history) over an extended period of time.

23. The logged in audit tracker was checked for setting and showed that it was supposed to automatically keep track of the history as long as possible until a maximum memory storage amount is reached. However, given the deletion of the log several days earlier, the small

amount of activity that remained stored could not have amounted to nearly enough memory to have been deleted by reason of having met the maximum memory capacity.

24. Cornerstone's IT consultant did not have an explanation for how or why the deletions would have occurred.

25. Plaintiff believes that Cornerstone, given the nature of its business, was Defendant, John Doe's initial target to obtain personal and confidential information regarding Cornerstone's clients and pending real estate transaction information, which ultimately led to John Doe's ability to contact Plaintiff and impersonate Cornerstone the way he did.

## CLAIM FOR RELIEF - I
## WIRE FRAUD AND RICO VIOLATIONS (against Defendant, John Doe)

26. Plaintiff realleges the above paragraphs as if fully set forth herein.

27. Defendant, John Doe, intentionally misrepresented facts to Plaintiff about his association with Cornerstone in a scheme to defraud and unlawfully deprive Plaintiff of his closing funds for the purchase of a cottage.

28. John Doe used the system of interstate wires to commit his fraudulent scheme, including telecommunications, email, and bank wire, which are all federally regulated.

29. Plaintiff's claims Defendant is responsible under federal wire and RICO statutes.

30. Plaintiff reasonably relied on John Doe's misrepresentations and was defrauded and damaged as set forth above.

31. As a result of Defendant, John Doe's actions, Plaintiff has sustained damages in the amount of at least $50,307.00.

32. John Doe's conduct was wanton, willful and in reckless disregard of the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages and attorneys fees.

## CLAIM FOR RELIEF - II
## NEGLIGENCE (against Cornerstone and its Insurer)

33. Plaintiff realleges the above paragraphs as if fully set forth herein.

34. Plaintiff has been a long time Cornerstone customer prior to the transaction at issue here.

35. Cornerstone has consistently affirmatively and implicitly represented that it maintains Plaintiff's private financial and transaction information confidential.

36. As a mortgage broker, Cornerstone has the duty to use ordinary care in maintaining Plaintiff's private financial and transaction information confidential.

37. As a mortgage broker that regularly communicates with Plaintiff and its other customers through email, Cornerstone had the duty to carefully design and maintain its electronic information systems in a secure manner so as to prevent the inadvertent disclosure of Plaintiff's confidential information to would be fraudsters.

38. It is reasonably foreseeable that a mortgage broker that regularly communicates with Plaintiff and its other customers through email and who fails to exercise ordinary care in the design and maintenance of its electronic information systems in a secure manner so as to lead to the disclosure of confidential information to would be fraudsters, that its customers would be subject to fraudulent schemes accordingly.

39. Upon information and belief, Cornerstone failed to exercise ordinary care in maintain its electronic information systems in a secure manner so as to prevent the inadvertent disclosure of Plaintiff's confidential information to would be fraudsters including John Doe.

40. Cornerstone's breach of its duty directly caused Plaintiff to sustain damages in the amount of at least $50,307.00.

41. Based on Wisconsin's direct action statute, Cornerstone's insurer is directly liable to Plaintiff based on Cornerstone's negligence accordingly.

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment for monetary damages in an amount to be determined at trial;

B. For awards of actual attorneys fees and punitive damages against John Doe in an amount to be determined at trial;

C. For costs and attorneys fees as allowed by law; and

D. Any other relief deemed just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Dated this 20th day of June, 2016.

LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
Attorneys for Plaintiff, Jody Van Laanen


By: s/ David H. Weber
    David H. Weber

**POST OFFICE ADDRESS**
231 South Adams Street
Green Bay, WI  54301
P.O. Box 23200
Green Bay, WI  54305-3200
(920) 437-0476
*#2360924*