UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JODY A. VANLAANEN,

        Plaintiff,

v.                                  Case No. 16-C-757

CORNERSTONE MORTGAGE LLC,
UNDERWRITERS AT LLOYD'S LONDON,
ADENIRAN JOSE, and
JOHN DOES,

        Defendants.

## DECISION AND ORDER

Plaintiff Jody A. VanLaanen filed this action against Defendants Cornerstone Mortgage LLC, Underwriters at Lloyd's London, Adeniran Jose, and John Does. He alleges Jose violated the Racketeer Influenced and Corrupt Organizations Act (RICO) and committed wire fraud by impersonating a Cornerstone mortgage broker and instructing VanLaanen to transfer $50,307.00 to a bank account in Los Angeles, California. Jose, proceeding *pro se*, filed a "notice of motion and motion for order for transfer of venue." (ECF No. 18.) In his motion, Jose asserts that the court should transfer venue to the Central District of California but also challenges personal jurisdiction. For the foregoing reasons, Jose's motion will be denied.

## BACKGROUND

In April 2016, VanLaanen entered into a real estate contract to purchase a cottage located in Townsend, Wisconsin. (Am. Compl. at ¶ 11, ECF No. 1.) VanLaanen entered into the purchase agreement with the help of Paul Adams, a mortgage broker employed by Cornerstone Mortgage.

(*Id.*) VanLaanen and Adams primarily communicated about the cottage sale through email. (*Id.* at ¶ 12.) The closing for the cottage was scheduled for May 23, 2016. (*Id.* at ¶ 13.) On May 16, 2016, Adams emailed VanLaanen forwarding a closing disclosure as well as Homeowners Insurance information. (*Id.* at ¶ 14.)

VanLaanen alleges that on May 20, 2016, he received an email from Jose impersonating Adams at 10:11 a.m., advising VanLaanen to wire the closing funds for the cottage by 2:00 p.m. that day. (*Id.* at ¶ 15.) VanLaanen and Jose engaged in an email exchange consisting of eleven emails discussing the transfer of funds. (*Id.*) Jose advised VanLaanen to wire $50,307.00 to a Chase Bank account named "Pelebe Homes LLC Business." (*Id.*) The exchange concluded at 2:04 p.m. when Jose emailed VanLaanen and confirmed that the closing funds had been received. (*Id.*)

On May 23, 2016, VanLaanen met with Adams at Cornerstone to close on the cottage. (*Id.* at ¶ 22.) When Adams asked VanLaanen for the closing funds, VanLaanen responded that he wired the funds three days earlier at Adams' request. (*Id.*) Adams indicated he never requested the funds and terminated the closing. (*Id.*) After this meeting, VanLaanen went to his bank to cancel the wire transfer. (*Id.* at ¶ 23.) The bank traced the transfer to a Chase Bank in Los Angeles, California and determined Jose opened the Pelebe Homes LLC business account. (*Id.* at ¶ 24.) A bank statement from Chase Bank indicates that after the funds were received, Jose immediately withdrew them. (*Id.* at ¶ 21.)

**ANALYSIS**

Jose requests that this court transfer this case to the Central District of California because venue is improper in this district. His motion also challenges personal jurisdiction. "The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is

2

typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). As such, the court will first address Jose's challenge to personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) governs a motion to dismiss for lack of personal jurisdiction. Though the plaintiff has the burden of proving personal jurisdiction, the burden is not a heavy one. *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F. Supp. 2d 901, 906 (E.D. Wis. 1998). In determining whether personal jurisdiction exists, the court may rely on the complaint, affidavits, deposition testimony, exhibits, or other evidence in the record. *Schimpf v. Gerald, Inc.*, 2 F. Supp. 2d 1150, 1160 (E.D. Wis. 1998). The court must draw all inferences from the record in the plaintiff's favor. *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1011 (E.D. Wis. 2000).

In a federal-question case, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs.*, 623 F.3d 440, 443 (7th Cir. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104–05 (1987)). While RICO authorizes nationwide service of process, it is not automatic. 18 U.S.C. § 1965(b). Instead, VanLaanen must demonstrate that "the ends of justice require that other parties residing in any other district be brought before the court." *Id.* Accordingly, VanLaanen must show that Jose could be subject to jurisdiction of the Wisconsin courts. *See* Fed. R. Civ. P. 4(k)(1)(A). This requires a traditional minimum contacts analysis.

Consistent with the Due Process Clause of the Fourteenth Amendment, in order for a State to bind a nonresident defendant to a judgment of its courts, a nonresident must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of

3

fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction can be general or specific. VanLaanen does not assert a claim of general jurisdiction, rather, his theory is premised upon specific jurisdiction. Specific jurisdiction is appropriate when the defendant's "suit-related conduct" creates a substantial connection with the forum state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)). It is unconstitutional to force a defendant to appear in a distant court unless he has done something that makes him "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

Jose argues he is not subject to specific jurisdiction because he has no connections to Wisconsin. He is a citizen of California and has not engaged in any business in Wisconsin. Yet, VanLaanen's claims against Jose involve intentional, allegedly tortious acts that were specifically targeted at Wisconsin. VanLaanen alleges that Jose made intentional contact with him in Wisconsin. He asserts that Jose intentionally misrepresented facts about his association with Cornerstone in a scheme to defraud and deprive VanLaanen of the closing funds intended to purchase a cottage. Jose and VanLaanen engaged in an email exchange regarding the transfer of funds to begin the closing process. As a result of Jose's impersonation of Adams, VanLaanen transferred $50,307.00 to an account at a Chase Bank located in Los Angeles, California. After VanLaanen transferred the money, Jose immediately withdrew the funds from the account. VanLaanen's allegations demonstrate that Jose expressly aimed his conduct at Wisconsin through his intentional conduct with VanLaanen, a Wisconsin citizen. His allegations further evince that Jose knew that the effects of his

4

actions would be felt in Wisconsin. Thus, Jose's "suit-related conduct" subjects him to personal jurisdiction in Wisconsin.

Jose also asserts that venue is improper and that the case should be transferred to the Central District of California. Under 28 U.S.C. § 1391, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

VanLaanen asserts that venue is appropriate in this district because "a substantial part of the events or omissions giving rise" to the suit occurred here. 28 U.S.C. § 1391(b)(2). VanLaanen alleges the fraudulent misrepresentations occurred through email correspondence while he was in Wisconsin. He also asserts he was ultimately defrauded of his property in this judicial district. In short, VanLannen has fulfilled his burden of proving that venue is proper in this district.

Nevertheless, a court may transfer a case to another district where the action may have been brought if tranfer serves the convenience of the parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). Jose requests that the case be transferred because, if VanLaanen's allegations are true, a substantial part of the events took place in California, not Wisconsin. The defendant has the burden of proving that transfer is appropriate. *Coffey*, 796 F.2d at 219–20. When the plaintiff and defendant are in different states "there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). Here, the facts of this case do not justify transfer. VanLaanen chose to file his action

5

in Wisconsin, and transfer would merely shift the inconvenience from Jose to VanLaanen and the other defendants in this case. Additionally, substantial events related to this case occurred in Wisconsin. Finally, Wisconsin state law would apply to VanLaanen's state law claims. For these reasons, the court will not transfer the case to the Central District of California.

## CONCLUSION

Although Jose acted from outside Wisconsin, he is alleged to have specifically aimed his tortious conduct at VanLaanen with the knowledge that VanLaanen would suffer injury in Wisconsin. VanLaanen's allegations suffice to establish personal jurisdiction over Jose. Additionally, VanLaanen has fulfilled his burden of proving that a substantial part of the events giving rise to this suit took place in this district, and the facts of this case do not justify a transfer to the Central District of California. Accordingly, Jose's motion (ECF No. 18) is **DENIED**. The Clerk is directed to set this matter on the Court's calendar for a Rule 16(b) conference forthwith.

**SO ORDERED** this   18th   day of November, 2016.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court