UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

JODY G. VAN LAANEN,

                Plaintiff,                           Case No.  16-CV-00757

v.

ADENIRAN JOSE, et al.

                Defendants.

---

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Plaintiff Jody VanLaanen, by and through his undersigned counsel, respectfully submits the following motion for default judgment.

While arguably unusual circumstances, this case is not a particularly large case, and should not be overly complicated.  A pre-trial conference was scheduled for January 4, 2018 at 1:30 p.m. with a jury trial scheduled to begin on January 22, 2018.  Accordingly, final pretrial reports were due on December 28, 2017.  (Civil L. R. 16 (c)(1)). Plaintiff filed his report on December 27, 2017, and to date, Defendant has not filed any report.  Defendant Jose has also now failed to appear for the pretrial.  No excuse has been given.  He did not request a rescheduling of the pretrial or trial.  In fact, Defendant Jose has utterly failed to participate in these proceedings since December 2016.

Rule 16 permits the Court, either on motion or on its own initiative, to impose a wide range of sanctions on any party who:

> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1); see also Civil L.R. 16.3 ("Unless otherwise ordered by the Court, each party must file a pretrial report."); cf. Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) (listing available sanctions). Included among those sanctions is "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "The references to specific sanctions in Rule 16(f) is not exhaustive. The court is to design the sanction to fit the violation." 6A Wright & Miller, Federal Practice & Procedure § 1531. However, "the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). Default should therefore be entered against Defendant Jose. Default has already been entered against his shell company, Defendant, Pelebe Homes, LLC, pursuant to Fed. R. Civ. P. 15(a)(3).

As to the amount of damages to be awarded some further background is provided. The Plaintiff has already shown that Defendant Jose and his shell company received the Plaintiff's money wire transfer that was fraudulently induced as set forth in the Amended Complaint. Defendant Jose could not have been

confused about where the money came from or what the purpose of the deposit was, since his bank account statement stated:

> 5/20[/16]    Fedwire Credit Via: Wells Fargo Bank/121000248 B/O: ***Jody G. Vanlaanen Green Bay, WI 54311-5564*** Ref: Chase Nyc/Ctr/Bnf=Pelebe Homes, LLC Los Angeles, CA … ***ClOsing Down Payment on Property File Number Tr-6136 Name Jody G VAN Laa Nen*** ….

(Bushman Decl., ¶ 2, Ex. A, April 30, 2016 through May 31, 2016 Statement, at p. 1) (Emphasis added).

    There is also plenty of evidence to prove that Defendant Jose personally received and took the cash under doubtful circumstances. When he spoke with Plaintiff's investigator, he admitted to taking the cash. (*Id.* at ¶ 8) He gave no explanation as to how his "African" car business would be associated with a real estate transaction involving the down payment made from Green Bay, Wisconsin. (*Id.*) In fact, the highly questionable "African" car business makes no sense given the name of the company he formed.

    The bank records themselves show Defendant Jose promptly withdrew Plaintiff's money in large sums starting the day the wire was delivered. (Bushman Decl., ¶ 3). Defendant Jose continued the process of fully withdrawing the money in large cash withdrawals over the next couple of days until the entire amount was depleted. (*Id.*)

    Based on the above evidence and Defendants and because the Defendant's actions violate WIS. STAT. § 943.20, the conduct falls squarely within the protections under WIS. STAT. § 895.446. Under that statute, a prevailing plaintiff may recover:

(1) actual damages, including the retail or replacement value of damaged, used, or lost property, whichever is greater; (2) costs of investigation and litigation that were reasonably incurred; and (3) exemplary damages of not more than three times the amount of the actual damages. No further proof is required for the Court to include exemplary damages pursuant to WIS. STAT. § 895.446

As a result of the foregoing, Plaintiff requests that the Court enter a Default Judgment against both Defendant Jose and Defendant Pelebe Homes, LLC as follows:

| | |
|---|---|
| Actual Damages: | $ 50,307.00 |
| Costs of Investigation and Litigation: | $ 12,000.00[1] |
| Exemplary Damages: | $100,614.00 |
| **Total:** | **$162,921.00** |

<u>CONCLUSION</u>

Because the Defendant has utterly failed to participate in these proceedings since December 2016 and failed to extend even the scant courtesy of notifying the Court or the Plaintiff of his intention to not to attend hearings, his conduct is egregious and default judgment is the most meaningful and appropriate way for the Court to control its docket and address the Defendant's conduct. Accordingly, for the reasons set forth above, and all materials on record in this case, the Plaintiff

---

[1] Plaintiff's attorneys fees and costs litigating this case, which involved another contesting defendant who was only involved through alleged negligence, reasonably exceed the requested $12,000.00. Because Defendant Jose and Defendant Pelebe Homes, LLC are likely uncollectable, Plaintiff is merely requesting this amount under the circumstances.

requests that the Court sanction the Defendant by ordering a judgment by default in the amount of $162,921.00.

Respectfully submitted,

LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
Attorneys for Plaintiff, Jody G. Van Laanen


By: *s/ David H. Weber*
David H. Weber

**POST OFFICE ADDRESS**
231 South Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
*#2750041*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

JODY G. VAN LAANEN,

       Plaintiff,                           Case No.  16-CV-00757

v.

CORNERSTONE MORTGAGE, LLC,
UNDERWRITERS AT LLOYD'S LONDON,
ADENIRAN JOSE, PELEBE HOMES, LLC
and JOHN DOE.

       Defendants.

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on January 4, 2018, a true and correct copy of the foregoing documents was served via ECF on all counsel so registered and appearing in this case as well as via U.S. Mail on Defendant, Adeniran Jose, at 314 West 71st Street, Los Angeles, CA 90003-1839.

Dated this 4th day of January, 2018.

       LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
       Attorneys for Plaintiff, Jody A. Van Laanen


       By: *s/ David H. Weber*
             David H. Weber
             231 South Adams Street
             Green Bay, WI  54301
             P.O. Box 23200
             Green Bay, WI  54305-3200
             (920) 437-0476
             State Bar No. 1034009
             dhw@lcojlaw.com